IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA ANN SHELTON, on behalf of
herself, and all other persons similarly situated                                    PLAINTIFF

v.                                      No. 4:05CV00646 GH

AMERICA'S CAR-MART, INC.                                                                DEFENDANT

### ORDER

Plaintiff filed a complaint on April 26th and a first amended complaint on May 2nd alleging racial discrimination in employment for a class defined as "[a]ll African-American associates who are or have been employed by Defendant and because of an established written company policy or program have not been given equal employment opportunities with regard to promotion to management positions."

On May 18th, defendant filed an answer as well as a motion to transfer case or, in the alternative, to stay class claims. It states that this case is duplicative of an earlier putative nationwide class action filed by plaintiff's attorneys against defendant in the Western District of Arkansas – Gordon v. America's Car-Mart, Inc., No. 04-1119. Defendant requests that this case be transferred to the Western District so that defendant may seek consolidated treatment of the class allegations in the federal cases against it or stay the class claims pending resolution of the class litigation in the Western District. It explains that plaintiff's attorneys have filed four putative nationwide class actions alleging employment discrimination. The first in Pulaski County Circuit Court had the class

-1-

allegations dismissed after six amended complaints; the second was filed in the Western District; the third was this case; and a 2004 individual action in Pulaski County Circuit Court was amended to assert class allegations. Defendant argues that plaintiff's attorneys are forum shopping and creating a real danger of inconsistent results.

Plaintiff responded on May 26th. She asserts that this case is most similar to <u>Brown v. America's Car-Mart, Inc.</u>, No. 4:05CV00763 JMM, as involving management employees and so <u>Brown</u> should be consolidated with this case and proceed forward here. Plaintiff continues that she attempted to have the state cases consolidated, but defendant objected so plaintiff's attorneys filed separate lawsuits in federal court. She argues that this action should not be transferred or stayed because the <u>Gordon</u> lawsuit is in a different district with a different judge and a different plaintiff; this lawsuit includes allegation under Title VII while <u>Gordon</u> does not; defendant has moved to dismiss <u>Gordon</u>; <u>Gordon</u> is not similarly situated to this case; and the Western District is not a convenient forum for most witnesses since defendant has a regional office in Maumelle, many of the supervisors and managers are located in and around Pulaski County, and many of plaintiff's witnesses are located in and around Pulaski County.

Also, on that date, plaintiff filed a motion to refer/transfer to the undersigned and consolidate 4:05CV00763 JMM with this case. She states that this lawsuit has common issues of fact and law so judicial economy would be served by the transfer and consolidation.

Plaintiff on June 2nd filed a notice of filing in the <u>Gordon</u> case in the Western District of a motion to stay the <u>Gordon</u> case pending the outcome of the lawsuits filed in the Eastern District.

On June 7th, defendant filed a reply that plaintiff's attorneys do not attempt to deny that they are forum-shopping. It states that plaintiff's attorneys failed to discuss the first-filed rule – priority

is given in parallel litigation to the party that first establishes jurisdiction absence compelling circumstances – although they are seeking to consolidate the second-filed and third-filed duplicative cases and have asked that the first-filed case, which they filed, be stayed. Defendant continues that while plaintiff's attorneys have asserted that the Eastern District cases are so unlike the Western District case that it would be an abuse of discretion to transfer, they have argued in the Western District that this case is so similar to <u>Gordon</u> that <u>Gordon</u> should be stayed in favor of the Eastern District cases.

    Defendant summarizes that all these cases involve common questions of law and fact as they all allege claims under 42 U.S.C. §1981 and the Arkansas Civil Rights Act and while <u>Gordon</u> does not include a Title VII claim, the proof on these claims is much the same; all three putative class actions concern the alleged failure to promote persons who are not Caucasian and envision a nationwide class; and plaintiff's attorneys have disclosed in each complaint that they intend to litigate the same factual issues in all three cases. It also contends that it has not been inconsistent in its argument in state court since one of those cases was only an individual action and the other did not have failure to promote allegations at the time. As to the argument regarding consolidation in different districts, defendant responses that is why it is asking just for transfer so then the Western District can decide consolidation. It also states that the plaintiff in <u>Gordon</u> has countered the motion to dismiss there with a proposed amended complaint. Turning to the issue of convenience, defendant points out that the first class action case was filed by plaintiff's attorneys in the Western District so they believed that venue to be convenient, and that the Western District is defendant's corporate headquarters and where it maintains its employment records.

After considering the above arguments and attachments to the parties' pleadings, the Court is persuaded that this case should be transferred to the Western District where the first-filed <u>Gordon</u> case is now pending. Accordingly, the portion of defendant's May 18th motion (#4-1) to transfer case to the Western District is granted thereby rendering the alternative portion of the motion (#4-2) to stay class claims moot. The portion of plaintiff's May 26th motion (#9-1) to refer/transfer case to the undersigned is denied.

IT IS SO ORDERED this 8th day of August, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE